**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| SARAH ARMSTRONG, | * | CASE NO: 3:22-cv-03401 |
| *Plaintiff* | * | |
| vs. | * | JUDGE: JAMES D. CAIN, JR. |
| SHELTER MUTUAL INSURANCE COMPANY, ET AL | * | |
| | * | MAGISTRATE: KATHLEEN KAY |
| *Defendant* | * | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO SET ATTORNEYS' FEES AND COSTS AND EXPENSES**

MAY IT PLEASE THE COURT:

Plaintiff Sarah Armstrong ("Ms. Armstrong" or "Plaintiff") respectfully files this Memorandum in Support of his Motion to Set Attorneys' Fees and Costs and Expenses in the above-referenced matter. Ms. Armstrong and Defendant Shelter Mutual Insurance Company have recently come to an amicable settlement, prompting the need for this motion to provide clarity regarding the attorneys' fees and costs and expenses to which Ms. Armstrong's former attorneys, McClenny Moseley & Associates ("MMA"), are entitled.

**FACTS AND PROCEDURAL HISTORY**

MMA filed the present suit on behalf of Ms. Armstrong against Shelter Mutual Insurance Company on August 23, 2022, seeking damages in relation to Hurricane Laura and Plaintiff's property located at 132 Aubrey Hare Road, Monroe, Louisiana 71203. (R. Doc. 1). Ms. Armstrong executed an MMA Attorney Employment Contract on March 3, 2022, which provided that "If a lawsuit is filed after Client's consent, or a recovery from a TWIA mediation is obtained (if applicable), then Client agrees to pay Attorneys 40% of the total sum collected plus reasonable

1

expenses[1]."

On March 4, 2023, MMA and its attorneys were suspended from practicing in the Western District of Louisiana. In coordination with Special Master Cole and Judge Cain, Laborde Earles agreed to help facilitate the transfer of MMA's cases by offering to substitute as counsel of record in this district for any MMA clients who chose to engage Laborde Earles.[2]

Ms. Armstrong executed the Attorney Employment Agreement with undersigned counsel on April 6, 2023. Since that time, undersigned counsel has provided legal services within the case which are more fully outlined in Attestation Form. (Exhibit "A")

On August 22, 2023, Judge Cain issued an order providing that "that MMA and related parties have no property interest/ownership in the proceeds of any cases pending in this Court."[3] Nevertheless, MMA has filed a notice of intent to appeal Judge Cain's order and also has represented that it intends to assert a claim for attorneys' fees and costs and expenses in this matter.[4] Accordingly, Ms. Armstrong respectfully seeks the Court's oversight and guidance.

MMA has submitted the following claim for costs and expenses incurred in this case:

- Exact Building Consultants: $2,500.00
- LAWD Filing Expenses: $402.00
- Service Expenses: $100.00

---

[1] The Contract was signed by the Client but the Contract was not signed by MMA.

[2] Under the specific circumstances of this case, undersigned counsel has agreed to reduce its contingency fee in this matter to 33 1/3%. Considering the potential claim for attorneys' fees by MMA, Ms. Armstrong understands that the Court may choose to apply the 40% contingency fee pursuant to the framework established by the Louisiana Supreme Court. *See Saucier v. Hayes Dairy Prod., Inc.*, 373 So. 2d 102, 118 (La. 1978), *on reh'g* (June 25, 1979).

[3] Order, No. 3:23-mc-00062 (Aug. 22, 2023), at 3.

[4] *See F. Q. Hood, Jr., APLC v. Ashton*, 54,830 (La. App. 2 Cir. 1/11/23); 354 So. 3d 854 (discussing that a discharged attorney's notice to a successor attorney of his intention to assert a right under a contingency fee agreement prior to settlement is sufficient to assert an attorneys' lien under La. R.S. 37:218); *Murray, Murray, Ellis, Braden & Landry v. Minge*, 516 So. 2d 213 (La. App. 4 Cir. 1987) (same).

- Court Registry Expenses: $50.00

Regarding the claimed cost/expense of $2,500.00 for estimating services, MMA has represented that it has not yet satisfied Exact Building Consultants ("Exact")'s invoice. However, Exact now has agreed with Ms. Armstrong to reduce its invoice to $800.00. Ms. Armstrong has used Exact's estimate in prosecuting this case, does not object to the $800.00 fee for Exact's estimating services, and is willing to pay Exact directly rather than through MMA.

Ms. Armstrong also does not object to the $402 filing fee incurred by MMA and the $50.00 service expense.

However, Ms. Armstrong objects to MMA's $50 cost and expense claim associated with the Court's review of MMA's stayed cases after MMA was suspended from practicing in this district, as Ms. Armstrong's recovery should not be reduced due to the Court's suspension of MMA and its attorneys.[5]

Ms. Armstrong therefore respectfully requests the Court assess the matter of MMA's attorneys' fees and cost and expenses due from the settlement proceeds secured on her behalf in this matter.

## LEGAL STANDARD

The Louisiana Supreme Court has held that in a case involving two attorneys with separate contingency fee contracts with the client, one attorney previously having been discharged and the subsequent attorney having brought the case to judgment or settlement, the contingency fee is to be apportioned according to the services performed by each attorney.[6]

In this case, Ms. Armstrong respectfully requests that the Court allow MMA to present its

---

[5] *See Armstrong v. Shelter Mutual Insurance Co., et al,* WDLA, No.3:22-cv-03401 (W.D. La. 2023) (R. Doc. 10)

[6] *See Saucier v. Hayes Dairy Prod., Inc*., 373 So. 2d 102 (La. 1978), *on reh'g* (June 25, 1979).

claim for attorneys' fees and costs and expenses to the extent the claim is not foreclosed by Judge Cain's previous order[7] and apply the above-cited jurisprudence to assess MMA's claim. As explained above, MMA has not yet paid Exact's invoice for estimating services, Ms. Armstrong does not object to the reduced $800.00 invoice from Exact for those services, and she is willing to pay Exact directly rather than through MMA. Accordingly, if the Court determines that Exact's $800.00 invoice for estimating services is not foreclosed by Judge Cain's previous order, that invoice should not be included in any amount awarded to MMA since it will be satisfied by Ms. Armstrong directly.

Ms. Armstrong also does not object to the $402 filing fee incurred by MMA and the $50.00 service expenses. However, Ms. Armstrong objects to MMA's $50 cost and expense claim associated with the Court's review of MMA's stayed cases. Ms. Armstrong further reserves the right to respond to MMA's claimed attorneys' fees in this case after MMA has specified the amount of fees it is seeking.

## CONCLUSION

Based on the reasons stated above, Ms. Armstrong respectfully requests the Court issue an order determining the attorneys' fees and costs and expenses due to MMA in the above-referenced matter.

**[SIGNATURE BLOCK LOCATED ON THE FOLLOWING PAGE]**

---

[7] Order, No. 3:23-mc-00062 (Aug. 22, 2023).

Respectfully Submitted,

**LABORDE EARLES LAW FIRM, LLC**

By: */s/ Kade R. Stutes*
**KADE R. STUTES, La. Bar No. 40645**
**MARY K. CRYAR, La. Bar No. 24062**
**WESLEY K. ELMER, La. Bar No. 23724**
1901 Kaliste Saloom Road
Lafayette, Louisiana 70508
Phone (337) 261-2617
Fax (337) 261-1934
Kstutes@onmyside.com
*Attorneys for Plaintiff, SARAH ARMSTRONG*

**CERTIFICATE OF SERVICE**

I hereby certify that on the **8th** day of **January, 2024**, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. A copy of the foregoing document was further delivered to the following counsel by electronic means:

*/s/ Kade R. Stutes*
**KADE R. STUTES**

5